FRED ROBERTSON *et al., Appellants,* v. M. L. BEAR,
*Appellee.*

No. 16,599.

SYLLABUS BY THE COURT.

1. JUDGMENTS — *Motion to Vacate — Parties — Action to Quiet Title.* Where one who is not a party to a judgment, more than three years after the rendition thereof, seeks to vacate the judgment by filing a motion attacking the jurisdiction of the court, and therein also seeks to vacate a sheriff's deed to land sold in execution of the judgment, and serves notice upon one who is in possession of the land under claim of ownership and who, by leave of court, files an answer setting forth his claims to the land, and the court tries the issues joined as an action to quiet title, *held,* that, although such proceeding is irregular, the judgment resulting from such trial will not be set aside, it appearing that a full and fair trial was had and the judgment was well supported by the evidence.

2. MORTGAGEE IN POSSESSION — *Rents — Accounting — Counter Claim.* Where, in such a proceeding, the defendant claims title to the land, but prays in case his title be held to be invalid that he be adjudged to be a mortgagee in possession, he is not estopped from asserting his claims against the land by failure to render in his answer an account of rents received. Any claims for rents received should be pleaded by the plaintiff as a counter claim in reply.

Appeal from Cheyenne district court. Opinion filed December 10, 1910. Affirmed.

*Fred Robertson,* for the appellants.

*T. M. Noble,* and *J. L. Finley,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: In the year 1889 one Aaron Bowers obtained a patent to the land in question from the United States, executed one mortgage thereon for $250 and another for $15, and was also indebted to one Egan on account for $25. Soon thereafter Bowers left the state of Kansas and removed to the state of Colorado, where he has ever since resided, although he was per-

sonally present in the locality of the land during a portion of the years 1894 and 1896.

In October, 1890, Egan brought suit to recover on the account for $25, attached the land, and attempted to get service on Bowers by publication. The publication notice, although fatally defective, was approved by the court, judgment was rendered in favor of the plaintiff, and the land was sold to Jessie A. Egan to pay the judgment and costs. The sale was confirmed and a sheriff's deed to the purchaser was duly issued and recorded. In 1894 Jessie A. Egan and her husband, Thomas F. Egan, conveyed the land to the appellee by warranty deed. There appears to have been no buildings on the land, but the land had been rented by Egan and the appellee to tenants (except for some two or three years) from the time of the recording of the sheriff's deed until the filing of the appellants' motion to vacate the judgment.

In November, 1896, Bowers and wife conveyed the land by quitclaim deed to one Hotchkiss, and Hotchkiss conveyed the same by warranty deed to the appellants, and soon thereafter the appellants filed a motion, which was really the commencement of this action, to vacate the judgment and set aside the sheriff's deed issued thereon to Jessie A. Egan. The appellee, by leave of court, filed an answer to the motion, set forth therein the facts substantially as above stated, and claimed title by adverse possession for more than fifteen years. A trial was had to the court, without a jury, on these pleadings. Judgment was rendered setting· aside the judgment and vacating the sheriff's deed, but the court adjudged that the appellee was equitably a mortgagee in possession, and allowed a lien on the land for the amount of the mortgages paid by the appellee, and interest, and also for the taxes paid by him, with interest thereon, and awarded him the possession of the land until the amount of the lien so adjudged should be paid.

The appellee has filed a cross-petition in error, in which he claims that the court erred in not adjudging that he had title to the land by prescription under the fifteen-year statute. An answer to this is that the court found, on sufficient evidence, that the appellee had not been in continuous possession of the land for fifteen years.

The proceeding was, of course, very irregular in allowing one not a party to a suit to attack a judgment by a motion to vacate, especially after the lapse of more than three years from the date of the rendition thereof; and also in permitting an answer and cross-petition to be filed to such motion, to which the appellants made proper objection.

The appellants contend that, regarded as a mortgagee in possession, the appellee was not entitled to recover on the mortgages and for taxes paid without accounting for rents received. While a mortgagee in possession is held to account for rents actually received, or which should have been received by fair management of the property, yet we do not understand that such mortgagee is estopped from claiming the amount due on his mortgages and amounts paid for taxes by reason of the failure to set forth the amount of rents, if any, received, or which should have been received. In such a case rents are in the nature of a counter claim, and it devolved upon the appellants to make the claim in a reply.

It may fairly be said that the evidence discloses that the mortgagee in possession received little, if any, rents other than the payment of taxes on the land, and it does not appear that he claimed any taxes which were paid by the renters. It therefore appears that justice was done in the case, and the evidence fully sustains the judgment of the court.

The judgment is therefore affirmed.